MORRIS, District Judge,
concurring in part and dissenting in part:
I concur in the majority’s determination that CREEC may rely on the “deterrent effect doctrine” to establish constitutional standing under the ADA. I also concur in the majority’s determination that CREEC may possess constitutional standing where its members visit a facility solely to test for ADA compliance. I disagree, however, with the majority’s determination that the district court did not abuse its discretion in denying class certification under Rule 23.1 respectfully dissent from this portion of the majority’s opinion.
A unanimous Supreme Court upheld the constitutionality of the public accommodations provisions of the Civil Rights Act of 1964 in Heart of Atlanta Motel, Inc. v. United States, 379 U.S. 241, 85 S.Ct. 348, 13 L.Ed.2d 258 (1964). The Supreme Court agreed that Congress possessed the authority to outlaw discrimination in public accommodations on the basis of race. Heart of Atlanta Motel, Inc., 379 U.S. at 261-62, 85 S.Ct. 348. Congress acted again to outlaw discrimination in public accommodations—this time on the basis of disability.
Title III of the ADA prohibits discrimination on the basis of disability “in the full and equal enjoyment of [accommodations] by any person who owns, leases (or leases to), or operates a place of public accommodation.” 42 U.S.C. § 12182(a). Congress made no distinction whether the owner was a natural person, a partnership, a corporation, a REIT, or any other type of structure allowed under the law. Congress outlawed discrimination on the basis of disability.
CREEC seeks to root out in a systematic fashion what it perceives to be discrimination against persons with disabilities by HPT and other hotel owners. CREEC has chosen a class action under Rule 23 as its favored vehicle to accomplish the task. The majority reasons that the lack of a “common offending policy” followed by the independent contractors who manage HPT’s hotels “would require 142 trials within a trial” to determine whether each hotel and its independent contractor manager violated the ADA. The majority’s conclusion will permit HPT to avoid for all practical purposes the consequences of the ADA. CREEC and other advocates of the rights of the disabled now will be required to seek equal treatment one motel at a time.
The majority cites Armstrong, 275 F.3d 849, to support its determination that merely pointing to a pattern of harm proves insufficient to satisfy Rule 23. In fact, the Ninth Circuit in Armstrong affirmed class certification for a group of prisoners and parolees who suffered from six different categories of disability, including mobility impairments. Id. at 854. The plaintiffs alleged that multiple provisions of California’s policies and practices during its parole and parole revocation hearing proceedings, at numerous facilities across *1107 the state, discriminated against them on the basis of their disabilities. Id.
The Board argued on appeal that the wide variation in the nature of the particular class members’ disabilities precluded a finding of commonality. The Board contended that separate representative lawsuits should have been filed by the hearing impaired, the vision impaired, the developmentally impaired, the learning impaired, and the mobility impaired. We disagreed. We noted that plaintiffs in civil rights litigation satisfy the commonality requirement “where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members.” Id. at 868. Individual factual differences among the individual class members did not preclude commonality where all suffered “similar harm from the Board’s failure to accommodate their disabilities.” Id.
Plaintiffs here all suffer from similar harm based on HPT’s failure to accommodate their disabilities as required by the ADA. As recognized in Armstrong, whether one hotel provides no van service for people with mobility impairments, while another hotel charges extra for van service for people with mobility impairments proves irrelevant to the issue of class certification. Whether all of the putative class members suffer from the failure of HPT’s hotels to accommodate their disabilities as required by the ADA instead should drive the analysis. Id.
The Ninth Circuit has acknowledged that the “existence of shared legal issues with divergent factual predicates” proves sufficient to satisfy Rule 23’s commonality requirement. Rodriguez v. Hayes, 591 F.3d 1105, 1123 (9th Cir. 2010). Rodriguez reversed the district court’s denial of class certification of claims filed on behalf of detainees held without bond hearings pursuant to “general immigration statutes.” Rodriguez, 591 F.3d at 1113. The government opposed class certification on the ground that class members suffered detention for different reasons and under the authority of different statutes. Id. at 1122. We applied the commonality requirement “to look only for some shared legal issue or a common core of facts.” Id. We determined that the commonality existed in the “constitutional issue at the heart of each class member’s claim for relief.” Id. at 1123. The denial of equivalent transportation in violation of the ADA stands at the heart of CREEC’s claims for relief. This shared legal issue satisfies the commonality requirement as applied in Rodriguez, 591 F.3d at 1122.
With respect to typicality, Armstrong again proves instructive. The plaintiffs satisfied the typicality requirement based on their same injury: “a refusal or failure to afford them accommodations as required by statute.” Armstrong, 275 F.3d at 869. In the case of mobility impaired persons, their injuries lied in their “inability to overcome the physical barriers to attendance” at the hearings. Id. As a result, all of the class members suffered the deprivation of services provided by the Board. Id., citing 42 U.S.C. § 12132. It mattered not that one Board facility may have failed to provide van transportation for mobility impaired prisoners, while another Board facility may have failed to provide hearing or translation assistance for hearing impaired prisoners. It mattered that the Board failed to provide the accommodations required by law. Armstrong, 275 F.3d at 869. The Ninth Circuit in Rodriguez, 591 F.3d at 1124, likewise concluded that the fact that the government detained putative class members under different statutes and that some putative class members stood at different points in the removal process failed to defeat the typicality requirement. All putative class members suffered from the same practice of prolonged *1108 detention while in immigration proceedings. Id,
CREEC suffers from a similar alleged deprivation of transportation services provided by HPT’s hotels. Plaintiffs allege that HPT’s hotels have refused or failed to afford them the accommodations required by the ADA. Parsons v. Ryan, 754 F.3d 657, 672 (9th Cir. 2014), upheld class certification of Eighth Amendment health care and conditions-of-confinement claims brought by “[a]U prisoners who are now, or will in the future be, subjected to the medical, mental health and dental care practices of the [Arizona Department of Corrections].” A broader and more diverse group of claims seems difficult to contemplate. Arizona could not contemplate a more diverse group of claims as it argued that "Eighth Amendment healthcare and conditions-of-confinement claims are inherently case specific and turn on many individual inquiries.” Parsons, 754 F.3d at 675. The Ninth Circuit determined instead that alleged policies and practices of statewide applications “expose all inmates in ADC custody to a substantial risk of serious harm.” Id. at 676. We too should recognizé that the alleged practices of HPT’s hotels in failing to comply with the equivalent transportation requirement of the ADA exposes CREEC and its members to a substantial risk bf serious harm.
HPT’s decision to establish a REIT as its preferred ownership structure should not shield HPT from its alleged systematic effort to evade the equivalent transportation requirements of the ADA. The majority’s conclusion that CREEC’s claims would require 142 mini trials within a trial should defeat class certification allows HPT to shirk its responsibilities as the owner under the ADA. I believe that CREEC has satisfied the commonality and typicality requirements of Rule 23, as analyzed by the Court in Armstrong, Rodriguez, and Parsons.